In the Matter of ANTHONY J. BUFFALANO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, October 26, 1987

**APPEARANCES OF COUNSEL**

*Robert H. Straus (Mark F. Dewan* of counsel), for petitioner.
*Jerome Karp* for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law by this court on April 8, 1980. In this proceeding to discipline the respondent, the Special Referee sustained both charges of professional misconduct. The petitioner moves to confirm the report of the Special Referee and the respondent cross-moves to disaffirm the report.

The first charge alleged that the respondent engaged in professional misconduct prejudicial to the administration of justice and reflecting adversely on his fitness to practice law when he devised a scheme wherein he would improperly influence a sentencing Judge to impose a lenient sentence upon the respondent's former client and lifelong friend. On or about December 10, 1981, the respondent received and accepted from his former client $3,500 in cash, which the respondent said he would deliver to a third party in furtherance of the scheme to improperly influence the sentencing Judge. The respondent admitted that he accepted $3,500 from his former client in exchange for a promise to influence a sentencing Judge, but he explained that this scheme was merely a "fabrication" to recoup moneys previously lent by him to his former client.

The second charge alleged that the respondent engaged in professional misconduct prejudicial to the administration of justice and reflecting adversely on his fitness to practice law when he referred his former client to a criminal defense attorney during the summer of 1981 and received and accepted from this attorney a referral fee of approximately $1,500, at a time when the respondent was employed as law secretary to a New York State Supreme Court Justice. The respondent either improperly accepted a portion of the legal fees while performing no legal services or improperly performed legal services without obtaining prior approval as required by the rules of this court.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the professional misconduct indicated above. The petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion to disaffirm the report of the Special Referee is denied.

The respondent is adjudged guilty of serious professional misconduct. Accordingly, the respondent should be, and hereby is, disbarred, and it is directed that his name be stricken from the roll of attorneys and counselors-at-law forthwith.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and RUBIN, JJ., concur.